| | |
|---|---|
| MICHAEL RICHARDSON, | No. 2:17-cv-01838 JAM AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| XAVIER BECERRA, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the Magistrate Judge by Local Rule 302(c)(21). There were initially two defendants in this case: Jefferson Sessions, in his official capacity, and Xavier Becerra, in his official capacity. Plaintiff has voluntarily dismissed his claims against Jefferson Sessions pursuant to Fed. R. Civ. P. 41 (a)(1)(A). ECF No. 17, 21. The court previously granted a partial motion to dismiss from remaining defendant Becerra, dismissing Claims 6 through 9 of plaintiff's complaint without leave to amend. ECF No. 24, 34. Now before the court is Becerra's motion for judgment on the pleadings on the remaining claims (ECF No. 37). Plaintiff has opposed Becerra's motion (ECF No. 40). Defendant replied. (ECF No. 43). Based on a review of the briefing and the relevant law, the court should GRANT defendant's motion for judgment on the pleadings (ECF No. 37).

////

////

1

# I. BACKGROUND

A. <u>Allegations of the Complaint</u>

Plaintiff filed his complaint on September 5, 2017. ECF No. 1. The complaint states that this case is being brought as an "as applied challenge to the constitutionality" of several sex offender registration and notification laws. <u>Id.</u> at 1. The content of plaintiff's complaint, as applicable to the remaining defendant, indicates that he challenges three California state laws: (1) The Sex Offenders Registration Act (SORA, Cal. Penal Code §§ 290-290.24), which requires convicted sex offenders to register with local law enforcement; (2) Megan's Law (Cal. Penal Code § 290.46), which requires the California Department of Justice to post on the internet certain information about convicted sex offenders; and (3) Jessica's Law (Cal. Penal Code § 3003.5), which restricts where sex offenders may reside while they are on parole. Plaintiff ultimately dropped his challenge to Jessica's Law. ECF No. 24 at 2, n. 1. Plaintiff also challenges unnamed local ordinances implemented as a result of SORA and Megan's Law.

Plaintiff asserts that he was convicted of attempted lewd conduct with a minor and sending harmful material to a minor, and child molestation, as a result of conduct that occurred in 2004. ECF No. 1 at 12-13. Plaintiff was sentenced in June of 2006. <u>Id.</u> at 56. He completed a prison sentence and parole supervision, and asserts that he has been a law-abiding citizen since his release. <u>Id.</u> at 13.

B. <u>The Claims</u>

Plaintiff's 92-page complaint brings nine claims: (1) "Right to Reputation;" (2) "Right to Equal Protection;" (3) Right to Travel and Association and Unconstitutionally Vague;" (4) "Right to be free from Unreasonable, Arbitrary, and Oppressive Official Action;" (5) "Substantive Due Process;" (6) "Ex Post Facto;" (7) "Separation of Powers Doctrine and Bill of Attainder;" (8) "Cruel and Unusual Punishment;" and (9) "Involuntary Servitude." Claims Six through Nine have been dismissed; Claims One through Five remain. ECF No. 24 at 19.

# II. MOTION FOR JUDGMENT ON THE PLEADINGS

Remaining defendant Becerra moves for judgment on the pleadings as to plaintiff's causes of action one through five, pursuant to Fed. R. Civ. P. 12(c). ECF No. 37. Defendant argues (1)

that plaintiff has dropped his challenge to Jessica's law; (2) that plaintiff's first and fifth claims alleging substantive due process violations fail to state claims upon which relief can be granted; (3) plaintiff's first claim for right of publicity fails to state a claim to the extent it alleges violation of procedural due process; (4) plaintiff's second claim for violation of the equal protection clause fails to state a claim upon which relief can be granted; (5) plaintiff's third claim for "right to travel and association and unconstitutionally vague" fails to state a claim upon which relief can be granted; (6) plaintiff's fourth claim for "right to be free from unreasonable, arbitrary, and oppressive official action" fails to state a claim up on which relief can be granted; and (7) this court lacks subject matter jurisdiction to adjudicate claims one through five against Becerra to the extent they challenge federal laws or local ordinances. ECF No. 37 at 14-23. Plaintiff opposes the motion. ECF No. 40.[1]

A. Judgment on Pleadings Standard: Fed. R. Civ. P. 12(c)

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In a 12(c) motion, the court "assume[s] that the facts that [plaintiff] alleges are true." Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) (citing United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1053 (9th Cir. 2011)). "Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true,] there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United States, 683 F.3d 1102, 1108–09 (9th Cir. 2012) (quoting Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)).

Where, as here, the 12(c) motion is based upon defendant's assertion that the complaint fails to state a claim, the court's analysis "is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, "a court must determine whether the facts alleged in the complaint,

---

[1] Plaintiff filed a 640-page request for judicial notice of "adjudicative facts and reports." ECF No. 41 at 2. Because the court's review under Rule 12(c) is limited to the allegations of the complaint in light of the law, there is no need to consider whether these documents are appropriate for judicial notice. As discussed in detail herein, the claims at issue are each legally deficient on their face, and cannot be saved by any particular set of facts.

3

taken as true, entitle the plaintiff to a legal remedy." Chavez, 683 F.3d at 1108.  Under that standard, to survive dismissal, the complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235–236 (3d ed.2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The court must accept as true the allegations of the complaint. Jackson, 749 F.3d at 763 (in a motion for judgment on the pleadings, the court must "assume that the facts that [plaintiff] alleges are true"). However, the court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981).  The court also construes the complaint in the light most favorable to the plaintiff, as the party opposing the motion, and it resolves all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court will "presume that general allegations embrace those specific facts that are necessary to support the claim." National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

B. <u>Previously Adjudicated Issues</u>

As a preliminary matter, to the extent Claims One through Five implicate federal statutes and unspecified local ordinances, this court lacks subject matter jurisdiction and the claims must be dismissed without leave to amend.  This issue has already been adjudicated with respect to Claims Six through Nine. ECF No. 24 at 6-8.  The analysis as to the remaining claims is identical, and defendant's motion must be granted as to federal/local laws.

////

To the extent Claims One through Five implicate Jessica's Law, plaintiff has already formally abandoned those claims. ECF No. 24 at 2, n. 1. His abandonment applies fully to this case, including Claims One through Five. For this reason, defendant's motion must be granted as to claims involving Jessica's Law.

  C. <u>Claims One and Five Fail to State Claims for Relief on a Substantive Due Process Theory</u>

Plaintiff's allegations in his first cause of action that Megan's Law violates his substantive "right of reputation" (ECF No. 1 at 49), and his fifth cause of action asserting that SORA and Megan's Law violate his substantive Due Process rights (<u>id.</u>), both fail as a matter of law because Megan's Law and SORA are subject to, and pass, rational basis review. To state any due process claim, plaintiff must allege that "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest." <u>Shanks v. Dressel</u>, 540 F.3d 1082, 1087 (9th Cir. 2008). The substantive due process doctrine "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867, 871 (9th Cir. 1998) (quoting <u>Rochin v. California</u>, 342 U.S. 165, 172 (1952)). To state a claim for violation of procedural due process, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1085 (9th Cir.2003).

"Substantive due process cases typically apply strict scrutiny in the case of a fundamental right and rational basis review in all other cases." <u>Witt v. Dep't of Air Force</u>, 527 F.3d 806, 817 (9th Cir. 2008). "The Ninth Circuit has repeatedly recognized that individuals convicted of serious sex offenses do not have a fundamental right to be free from sex offender registration and notification requirements. Nor is there any fundamental right for a convicted sex offender to avoid publicity . . . or the transmission of accurate information regarding such conviction or registration to authorities in a foreign country to which such individual wishes to travel." <u>Doe v. Kerry</u>, No. 16-CV-0654-PJH, 2016 WL 5339804, at *21 (N.D. Cal. Sept. 23, 2016) (internal citations omitted); <u>United States v. Juvenile Male</u>, 670 F.3d 999, 1012 (9th Cir. 2012)

("individuals convicted of serious sex offenses do not have a fundamental right to be free from sex offender registration requirements[.]"). Accordingly, rational basis review governs plaintiff's challenges to SORA and Megan's Law.

With respect to a substantive due process claim, rational basis review requires a challenged statute to bear only a "reasonable relation to a legitimate state interest." Washington v. Glucksberg, 521 U.S. 702, 722 (1997). The Ninth Circuit has repeatedly found that sex offender registration and notification provisions are rationally related to legitimate government purposes. See, e.g., Juvenile Male, 670 F.3d at 1009); Doe v. Tandeske, 361 F.3d 594, 596 (9th Cir. 2004); Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014). This line of precedent compels the conclusion that Megan's Law and SORA survive rational basis review and do not violate plaintiff's substantive right to reputation, or any other substantive due process right. For this reason, judgement must be entered for defendant on plaintiff's first and fifth causes of action.

        D.      <u>Claim One Fails to State a Claim for Relief on Procedural Due Process Grounds</u>

It is not at all clear that plaintiff's first cause of action presents a procedural due process claim involving the right to reputation. However, to the extent such a claim is alleged the claim cannot survive. A procedural due process claim requires that (1) "there exists a liberty or property interest which has been interfered with by the State;" and (2) a lack of constitutionally sufficient procedures attendant to the deprivation at hand. Juvenile Male, 670 F.3d at 1013. Plaintiff's claim satisfies neither element.

First, the Supreme Court has explicitly held that a "mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." Connecticut Dep't of Pub. Safety v. Doe, 538 U.S. 1, 6–7 (2003). Plaintiff therefore cannot establish a violation of procedural due process on the grounds that SORA or Megan's Law negatively impacts his reputation, as alleged.

Second, the Supreme Court held in Connecticut v. Doe that due process does not require the state to provide former offenders with a hearing regarding current dangerousness prior to their inclusion on the state's publicly disseminated sex offender registry. Id. at 4, 6. Because Connecticut's registry requirements and associated public disclosure of registrant information

hinged on "an offender's conviction alone," due process does not require that the offender be afforded an opportunity to prove something that is not material to the statutory scheme, i.e., his current dangerousness or lack thereof. Id. at 4, 7. Because plaintiff's inclusion on the California registry turns on the fact of his past convictions, due process does not require an opportunity to contest dangerousness or any of the facts or circumstances of his crimes. The opportunity to dispute commission of the offenses was provided at trial, where the full panoply of due process protections was provided.

For these reasons, any procedural due process claim fails as a matter of law. Defendant is entitled to judgment on the pleadings.

### E. Claim Two Fails to State a Claim for Relief on Equal Protection Grounds

Claim Two alleges that plaintiff has suffered discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment under Megan's Law and SORA. Plaintiff contends that the law irrationally discriminates against sex offenders in comparison to other types of felons. ECF No. 1 at 22. Plaintiff's allegations do not state a claim for relief.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). To state a claim for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, plaintiff can show "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted). "Similarly situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992) (citations omitted). The rationale is that "[w]hen those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to ensure that all persons

subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" Engquist v. Or. Dep't of Agric., 553 U.S. 591, 602 (2008).

Sex offenders are not a protected class, and the Ninth Circuit has held that sex offenders do not have a fundamental right to be free from registration requirements. Accordingly, rational basis review applies. Village of Willowbrook, 528 U.S. at 564; Juvenile Male, 670 F.3d at 1009 ("We have previously rejected the argument that sex offenders are a suspect or protected class.") Furthermore, persons who have been convicted of serious sex offenses do not have a fundamental right to be free from registration and notification statutes. Tandeske, 361 F.3d at 597. In evaluating California's Megan's Law for validity under the Constitution's Ex Post Facto clause, the Ninth Circuit concluded that the California legislature's purpose in passing Megan's Law was to protect the public by disclosing truthful information, not to punish sex offenders. Hatton v. Bonner, 356 F.3d 955, 967 (9th Cir. 2003) (holding that California's sex offender registration scheme does not violate the Ex Post Facto Clause). Likewise, the Ninth Circuit has expressly held that sex offender registration laws analogous to California's SORA are grounded in public safety concerns and pass rational basis review. Tandeske, 361 F.3d at 597. Public safety provides a rational basis for California's Megan's Law and SORA. See, e.g., James v. Gastello, No. 17-cv-1570-H (NLS), 2018 WL 3546312, at *8 (S.D. Cal. July 24, 2018), report and recommendation adopted, No. 3:17-CV-01570-H-NLS, 2018 WL 6018030 (S.D. Cal. Nov. 16, 2018). Because the law is clear on these points, plaintiff's second cause of action cannot state a claim and defendant is entitled to judgment on the pleadings.

F. Claim Three Fails to State a Claim for Relief on Right to Travel or Vagueness Grounds

Plaintiff's third claim does not implicate Megan's Law or SORA, the only two laws remaining at issue in this case. See ECF No. 1 at 29-39. The thrust of plaintiff's claim is that the statutory requirements have been rendered impermissibly vague by the plethora of local rules and regulations that apply to registrants. Id. This amounts to an attack on the (unspecified) local rules and ordinances. As discussed above, this court has already held that plaintiff may not pursue relief from defendant Becerra related to the application of local ordinances. ECF No. 24

at 6-8. The court has previously rejected plaintiff's theory that the California Attorney General is responsible for the ways that local governments implement SORNA. Id.

Even if the court were to interpret plaintiff's third cause of action as implicating SORA and/or Megan's Law, the claim cannot withstand defendant's motion. Neither SORA nor Megan's Law is vague on its face, and neither law implicates plaintiff's right to travel. "To pass constitutional muster against a vagueness attack, a statute must give a person of ordinary intelligence adequate notice of the conduct it proscribes." United States v. 594,464 Pounds of Salmon, 871 F.2d 824, 829 (9th Cir.1989). Megan's Law does not proscribe any particular conduct; it requires the Department of Justice to publish plaintiff's registration information on the Internet. See Cal. Pen. Code §290.46. SORA sets forth specific events triggering plaintiff's obligation to register with local law enforcement (see id. at §§ 290(a) (general registration requirement), 290.009 (registration for university students), 290.12 (annual registration update)). These provisions provide adequate notice to plaintiff, and plaintiff does not directly contend otherwise.

Neither SORA nor Megan's Law impedes plaintiff's right to travel. Megan's Law makes specified information about sex offenders public; it does not purport to restrict registrants' ability to travel. See Cal. Pen Code §290.46. While SORA does require plaintiff to register as a sex offender with local law enforcement, the Ninth Circuit has made clear that minor burdens impacting interstate travel do not violate the right to travel. See Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999). Similar registration laws have been held constitutional with respect to the right to travel. See, e.g., United States v. Benevento, 633 F. Supp. 2d 1170, 1186 (D. Nev. 2009). Plaintiff cannot state a claim that would entitle him to relief on grounds that SORA or Megan's Law are unconstitutionally vague or violate his right to travel. Defendant is therefore entitled to judgment on Claim Three.

G. Claim Four Fails to State a Claim for Relief Regarding Official Action

Defendant argues that plaintiff's fourth cause of action, violation of the right to be free from unreasonable, arbitrary, and oppressive official action (ECF No. 1 at 39-48), is merely a reiteration of plaintiff's substantive due process claim (Claims One and Five). ECF No. 37 at 22-

9

23. Upon careful review of the complaint, the court must agree. Plaintiff contends in Claim Four that the sex offender registration laws, including Megan's Law and SORA, are unreasonable and arbitrary, and do not serve any legitimate interest of the state. ECF No. 1 at 29. Plaintiff argues there is no rational basis for these laws. Id. at 41. As discussed above, the court disagrees. Plaintiff's fourth cause of action fails as a matter of law, for the reasons explained above regarding Claims one and Five. Defendant is entitled to judgment on the pleadings.

### III. CONCLUSION

Based on the discussion above, IT IS HEREBY RECOMMENDED that defendant's motion for judgment on the pleadings as to plaintiff's First, Second, Third, Fourth and Fifth causes of action (ECF No. 37) be GRANTED. Because granting this motion disposes of all remaining claims against the only remaining defendant, it is further recommended that this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE